## LEWIS ET AL. *v.* INGLE ET AL.

APPEAL.—*Evidence.*—Where a judgment is reversed upon the evidence, the Supreme Court must have a clear legal conviction that the action of the court below was erroneous.

From the Gibson Circuit Court.

*C. A. Buskirk* and *W. H. Trippet,* for appellants.

*D. F. Embree* and *J. W. Ewing,* for appellees.

PETTIT, J.—This was an action of replevin for walnut lumber, and the whole case turns upon a contract and the evidence given in support of and against it. If Polk was the owner of the property, and had the right to sell it, the judgment must be affirmed. The contract is as follows:

"JUNE 8th, 1872.

"An agreement is hereby made between S. C. Polk and T. T. Deputy, as follows, to wit: Deputy has sold and agrees to

furnish to Polk all the walnut lumber that he can conveniently have sawed on his premises under the contract now in operation between Deputy and Knowles & Co., who are sawing lumber on said premises. The said amount of walnut not to be less than two car loads of first and second, as graded by shippers, and for which Polk agrees to receive from the mill when properly manufactured, take charge of, and haul away at his own expense, and within ninety days from the time of being sawed to pay for at the rate of thirty-five dollars per thousand feet for first and twenty-five dollars for second, and the same shall be paid for before being removed from the railroad or wherever stacked for seasoning or shipping.

"S. C. POLK.

"THOMAS T. DEPUTY."

Polk swore that he paid for the lumber before it was removed, and Deputy swore that Polk did not do so. Deputy was a party to the suit and had an interest in it, while Polk was not a party to the suit and had no interest in it. The case was tried by the court below, and we must have a clear legal conviction that its action on the evidence was erroneous before we can reverse, which we have not. But having read and examined all the evidence, we are satisfied that the finding and judgment below were correct.

The judgment is affirmed, at the costs of the appellants.